IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission, 10 S. Howard St., Third Floor Baltimore, MD 21201  Plaintiff,  v.  Life Time Fitness, Inc., 1151 Seven Locks Rd. Rockville, MD 20854  Defendant. | Civil Action No.  **COMPLAINT**  **JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq*. ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A, to correct unlawful employment practices on the basis of sex and to make whole Emily Carpenter. As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC" or "the Commission") alleges that Defendant Life Time Fitness, Inc. ("Defendant" or "Life Time Fitness") rescinded Carpenter's offer of employment after learning she was pregnant.

JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Greenbelt (Southern) District of Maryland.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been and is now a Minnesota corporation doing business in the State of Maryland and the City of Rockville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Carpenter filed a charge with the Commission alleging violations of Title VII by Defendant Life Time Fitness.

7. On or around March 22, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On or around May 3, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least March 2015, Defendant has engaged in unlawful employment practices at its Rockville, Maryland location in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2.

13. In February 2015, Carpenter applied to work as a Life Café server for Defendant. She interviewed with Melanie Thompson in person the first week of March. On or around March 11, 2015, Life Café Area Lead Leon Goupil left her a voicemail about putting her on the schedule. On or around March 12, 2015, Carpenter returned for a second interview.

14. Following the second interview, Goupil instructed Carpenter to come in to fill out paperwork so she could be placed on the schedule. On or around March 18, 2015, Carpenter came to Defendant's facility, where she was greeted by Goupil and completed new hire paperwork, such as her I-9 form and contact information.

15. On March 19, 2015, Carpenter emailed Goupil with her work availability. She also disclosed that she was 35 weeks' pregnant. Following Carpenter's March 19, 2015 email disclosing her pregnancy, Defendant ceased all communications with Carpenter. Carpenter called Defendant numerous times and finally reached Thompson by telephone on April 2, 2015. Thompson stated that the position was put on hold, Defendant had hired two people already, and encouraged her to apply for a Life Time facility opening in July 2015.

16. The effect of the practices complained of above has been to deprive Carpenter of equal employment opportunities and otherwise adversely affect her status as an applicant for employment because of her sex (female/pregnancy).

17. The unlawful employment practices complained of above were intentional.

18. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Carpenter.

19. Since at least March 2015, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed. Specifically, Defendant shreds application materials for unsuccessful applicants for employment.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Life Time Fitness, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on sex;

B. Order Defendant Life Time Fitness to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of past and present unlawful employment practices;

C. Order Defendant Life Time Fitness to make whole Carpenter by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and/or reinstatement;

D. Order Defendant Life Time Fitness to make whole Carpenter by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above;

E. Order Defendant Life Time Fitness to make whole Carpenter by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, depression, inconvenience, loss of enjoyment of life, embarrassment, degradation, and humiliation;

F. Order Defendant Life Time Fitness to pay Carpenter punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

G. Order Defendant Life Time Fitness to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c);

H. Grant such further relief as the Court deems necessary and proper in the public interest; and

I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE
Regional Attorney

_____
MARIA SALACUSE
Supervisory Trial Attorney

_____
AMBER TRZINSKI FOX
Trial Attorney
U.S. EEOC
10 S. Howard Street, Third Floor
Baltimore, Maryland 21201
Phone: (410) 209-2763
amber.fox@eeoc.gov