**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LIFE TIME FITNESS, INC.,<br><br>Defendant. | ) | Civil Action No. 8:16-cv-02936-DKC |

**CONSENT DECREE**

This action was instituted by Plaintiff Equal Employment Opportunity Commission (the "EEOC" or the "Commission") against Defendant Life Time Fitness, Inc. ("Defendant" or "Life Time") (collectively the "Parties"), under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, alleging that Defendant unlawfully discriminated against Emily Carpenter on the basis of her sex (female) by failing to hire her once it discovered she was pregnant. Defendant denies the EEOC's allegations, but the Parties desire to resolve the Commission's action without the time and expense of continued litigation, and to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

**Scope of Decree**

1. This Decree resolves all issues and claims in the Complaint filed by the EEOC in this Title VII action, ("the Complaint"), which emanated from the Charge of Discrimination filed by Emily Carpenter. This Decree in no way affects the EEOC's right to process any other pending or future charges that may be filed against Defendant and/or to commence civil actions on any such charges as the Commission sees fit.

2. This Decree shall be in effect for a period of three (3) years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the Parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree. If Defendant has failed to meet the established terms at the end of three years, the duration of the Decree may be extended if ordered by the Court.

3. Except as otherwise specified in this Decree, the terms of this Decree apply to Defendant's facilities in Montgomery County, Maryland existing as of the entry of this Decree (i.e. Defendant's Gaithersburg and Rockville facilities) (hereinafter Defendant's "Montgomery County facilities").

4. This Decree, being entered with the consent of the Parties, is a closing order and shall not constitute an adjudication or finding on the merits of the case.

**Monetary Relief**

5. Within fifteen (15) business days of entry of this Decree and of Defendant's receipt of an IRS W-4 Form and an IRS W-9 Form completed by Emily Carpenter, Defendant shall pay Emily Carpenter monetary relief in the total amount of $86,000.00, representing $43,000.00 in back pay with interest, and $43,000.00 in non-pecuniary compensatory damages.

Defendant will issue Emily Carpenter an IRS Form 1099 for the 2017 tax year for the non-pecuniary damages amount and an IRS W-2 Form for the 2017 tax year for the back pay amount in the normal course of providing such forms to its current and/or former employees. Defendant shall make all legally required withholdings from the back pay amount. The checks and IRS forms will be sent directly to Emily Carpenter, and a photocopy of the checks and related correspondence will be mailed to the EEOC, Baltimore Field Office, 10 S. Howard Street, 3rd Floor, Baltimore, Maryland 21201 (Attention: Trial Attorney Amber Trzinski Fox).

**Injunctive Relief**

6. Defendant, its parent organizations, its successors, purchasers, assigns, subsidiaries, affiliates, and any corporation or entity into which Defendant may merge or with which Defendant may consolidate are enjoined from failing to hire based on sex, as set forth in the following provision of Title VII:

> It shall be an unlawful employment practice for an employer – (1) . . . to discriminate against any individual with respect to [her] . . . terms, conditions, or privileges of employment, because of such individual's . . . sex . . . .

42 U.S.C. § 2000e-2(a)(1).

> The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy . . . .

42 U.S.C. § 2000e(k).

7. Defendant, its parent organizations, successors, purchasers, assigns, subsidiaries, affiliates, and any corporation or entity into which Defendant may merge or with which Defendant may consolidate are further enjoined from failing to comply with the recordkeeping provisions of Title VII:

> Every employer . . . shall (1) make and keep such records relevant to the determinations of whether unlawful employment practices have been or are being committed, (2)

> preserve such records for such periods, and (3) make such reports therefrom as the Commission shall prescribe by regulation or order.

42 U.S.C. § 2000e-8(c).

**Policies and Procedures**

8. Within ten (10) days of entry of this Decree, Defendant shall revise and maintain its employment non-discrimination policy ("Revised Policy") to clearly state that Defendant does not discriminate on the basis of sex or pregnancy. The Revised Policy is subject to approval by the EEOC.

9. Within thirty (30) days of entry of this Decree, Defendant shall distribute the Revised Policy to each current employee. In addition, Defendant will distribute the Revised Policy to any new employees within ten (10) days of hire. Defendant must also immediately post the Revised Policy in its Montgomery County facilities in a manner easily visible to all employees. Defendant must further immediately forward a copy of the Revised Policy to the EEOC and confirm that it has distributed the Revised Policy as set forth in this paragraph.

10. Defendant has confirmed to the EEOC that it currently utilizes an automated hiring system that is able to maintain and track all hiring and applicant flow data, and that such data is not currently subject to auto-deletion.

**Training**

11. Defendant shall conduct a live two-hour training session for all General Managers, Department Managers, and Assistant Department Managers at its Montgomery County facilities (hereinafter "hiring personnel") on its Revised Policy, as discussed in Paragraphs 8-9 above, the requirements of Title VII's prohibitions against discrimination in hiring on the basis of sex and pregnancy, and the requirements and prohibitions of this Decree.

The training shall be conducted by the Company's in-house employment attorneys, an outside organization, or a law firm approved by the EEOC. The training must be completed within seventy-five (75) days of the entry of this Decree. Defendant will also provide training on Title VII to all new hiring personnel within sixty (60) days of their hire or promotion. Training for new hiring personnel may be pre-recorded or provided in a web-based format, and may include a test-out option in quiz form.

12. In years two through three of the Decree, Defendant shall provide an annual pre-recorded or web-based training with a test-out option in quiz form for all hiring personnel.

13. Within ten (10) business days of completing its live two-hour training as discussed in Paragraph 11 above, Defendant will provide the EEOC with written documentation that the training occurred, including the date the training was completed, and a signed attendance list identifying the name and job title for all attendees.

**Notice and Postings**

14. Within ten (10) business days of entry of this Decree, Defendant will post, at its Montgomery County facilities, the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30.

15. Within ten (10) business days of entry of this Decree, Defendant will also post, at its Montgomery County facilities, the Notice attached hereto as Attachment A in all places where notices are customarily posted for employees. The Notice shall be posted and maintained for the duration of the Decree and shall be signed by Defendant's owner or corporate representative with the date of actual posting shown. Should the Notice become defaced, marred, or otherwise made unreadable during the duration of the Decree, Defendant will ensure that new readable copies of the Notice are posted in the same manner as specified above. Defendant shall provide to the

EEOC a copy of the signed Notice, written confirmation that the Notice has been posted, and a description of the location and date of the posting at the time it submits its update in connection with Paragraph 9.

**Monitoring Provisions**

16. The EEOC has the right to monitor and review compliance with this Decree, in accordance with applicable law.

17. On an annual basis, for the duration of this Decree, Defendant must submit a written declaration to the EEOC that it has complied with the terms of this Decree, including: (a) that it has complied with the policy requirements set forth in paragraphs 8-10 and the posting requirements in paragraphs 14-15; (b) that it has complied with the training requirements set forth in paragraphs 11-12; and (c) a summary of all complaints alleging pregnancy discrimination, as set forth in greater detail below in Paragraph 19.

18. The first annual declaration will be due within thirty (30) days after one year has passed since entry of this Decree, and will cover the time period between the entry of this Decree in 2017 and the date prior to the first annual declaration in 2018. The second annual declaration will be due within thirty (30) days after one year has passed since submission of the first annual declaration, and will cover the time period between the date of the first annual declaration in 2018 and the date prior to the second annual declaration in 2019. The third and final annual declaration will be due thirty (30) days prior to the expiration of this Decree in 2020 (based on the date of entry of this Decree), and will cover the time period between the date of the second annual declaration and the date prior to the third and final annual declaration.

19. Defendant will submit to the Commission a list of all of its employees at the Montgomery County facilities who have complained of or reported any alleged pregnancy

discrimination during the duration of this Decree via the Company's Employee Hotline, to the General Managers at the Montgomery County facilities, or complaints of pregnancy discrimination of which the General Managers at the Montgomery County facilities are otherwise aware. This list will include each individual's name; home address; home telephone number; nature of the individual's complaint; name of individual who received the complaint or report; date complaint or report was received; description of Defendant's actions taken in response to the complaint or report, including the name of each manager or supervisor involved in those actions. If no complaints of alleged pregnancy discrimination were made, Defendant will confirm in writing to the EEOC that no such complaints were made.

20. The EEOC may monitor compliance during the duration of this Decree by inspection of Defendant's premises, records, and interviews with employees at reasonable times as permitted by applicable law. Upon fourteen (14) days' notice by the EEOC, Defendant will make available for inspection and copying any records requested by the EEOC, facilities sought to be inspected by the EEOC, and employees sought to be interviewed by the EEOC.

21. For the duration of this Consent Decree, Defendant must, at its Montgomery County facilities, create and maintain such records as are necessary to demonstrate its compliance with this Consent Decree and 29 C.F.R. §1602 *et seq.* and maintain an updated EEO poster in compliance with 42 U.S.C. § 2000e-10.

**Miscellaneous Provisions**

22. All materials required by this Decree to be provided to the EEOC shall be sent by e-mail to Amber Trzinski Fox, EEOC Trial Attorney, at amber.fox@eeoc.gov, and by certified mail to Amber Trzinski Fox, EEOC Trial Attorney Baltimore Field Office, 10 South Howard Street, 3rd Floor, Baltimore, MD 21201.

23. If at any time during the term of this Decree, the Commission believes that Defendant is in violation of the Decree in any respect, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) business days in which to investigate and respond to the Commission's allegations. Thereafter, the parties shall then have a period of ten (10) business days or such additional period as may be agreed upon by them, in which to engage in good faith negotiation regarding such allegations. If the Defendant has not remedied the alleged non-compliance or satisfied the EEOC that it has complied, the EEOC may thereafter apply to the Court for appropriate relief.

24. The Commission and Defendant shall bear their own costs and attorneys' fees.

25. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

FOR PLAINTIFF:

_*Debra M. Lawrence*_______________
Debra M. Lawrence
Regional Attorney

_*Maria Salacuse*_______________
Maria Salacuse
Supervisory Trial Attorney

_*Amber Trzinski Fox*_______________
Amber Trzinski Fox
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, MD 21201
Phone: (410) 209-2763
Email: amber.fox@eeoc.gov

*Counsel for Plaintiff Equal Employment Opportunity Commission*

FOR DEFENDANT:

_*Joseph E. Schuler*_______________
Joseph E Schuler
(signed with permission by Amber Trzinski Fox)
Jackson Lewis PC
10701 Parkridge Boulevard, Suite 300
Reston, VA 20191
Phone: (703) 483-8332
Email: schulerj@jacksonlewis.com

*Counsel for Defendant Life Time Fitness, Inc.*

**SO ORDERED.**

Signed and entered this 23rd day of February, 2017.

Deborah K. Chasanow
The Honorable Deborah K. Chasanow
United States District Court Judge

# ATTACHMENT A



# NOTICE TO EMPLOYEES POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE EEOC AND LIFE TIME FITNESS, INC.

This Notice is being posted as part of the resolution of a lawsuit filed by the Equal Employment Opportunity Commission (EEOC) against Life Time Fitness, Inc. ("Life Time") in the United States District Court for the District of Maryland, Greenbelt Division (*EEOC v. Life Time Fitness, Inc.)*, Civil Action No. 8:16-cv-02936-DKC). The EEOC brought this action to enforce provisions of Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination on the basis of sex and pregnancy.

Life Time will not engage in any acts or practices made unlawful under Title VII. Life Time will conduct its employment practices, including but not limited to its hiring practices, without regard to the sex of an applicant or team member, or whether such applicant or team member is pregnant.

Life Time will take all complaints of discrimination in the workplace seriously and will address them appropriately. Each team member and job applicant should feel free to report instances of perceived discriminatory treatment to his/her supervisor or manager, to the Human Resources Department, or via the Team Member Hotline at 888-475-4211. Life Time has established policies and procedures to promptly investigate any such reports and to protect the person making the reports from retaliation, including retaliation by the person who allegedly engaged in the discriminatory conduct.

Individuals are also free to make complaints of employment discrimination directly to the Baltimore Field Office, 10 South Howard Street, 3rd Floor, Baltimore, Maryland 21201 or by calling 866-408-8075 / TTY 800-669-6820. General information may also be obtained on the Internet at www.eeoc.gov.

Owner or Corporate Representative:

Date Posted: